Common Pleas Court of Cuyahoga County.

ANDREW SCHUERGER *v.* THE GUND BREWING CO. *

Charge Delivered May 12, 1919.

*England* and *Bowden,* for plaintiff.
*M. P. Mooney,* for defendant.

[Sitting in Cuyahoga County by designation of Chief Justice Nichols of the Supreme Court.]

CRITCHFIELD, J.

*Gentlemen of the Jury:* The plaintiff, for his cause of action, says that the defendant is a corporation, duly organized under the laws of the state of Ohio, and engaged

---

*Judgment for plaintiff affirmed by Court of Appeals, 30 O. L. R., p. 517 (this magazine), and motion to certify overruled by the Supreme Court.

in the manufacture, bottling, sale and distribution of beer, and in the prosecution of its business owns, controls and operates a certain department in connection therewith, wherein beer and other beverages for the trade and public consumption are bottled in glass bottles and closed with metal tops.

Paintiff further says that on or about the 11th day of May, 1918, he purchased from one of the defendant's duly authorized selling agents, a case of beer manufactured, bottled and distributed by said defendant, which bottles were labeled "Gund's 'Finest' Beer," and were held out by said defendant by general advertisement, to be pure, healthful and unharmful, and that said case contained 24 bottles, all filled and tightly capped; and he says further, that on the next day, or May 12th, he chose a bottle of beer from the case, examined it and found that the top was tight, removed the top and, relying upon this defendant's representations as to its purity and safety, proceeded to drink therefrom; that after he had taken several swallows, he noticed that he had a peculiar sensation in his throat, as the contents of the bottle passed across his palate and throat; that he ceased drinking therefrom, and having noticed something sharp on his tongue, spit it out and found that it was a broken and splintered piece of glass; that he then poured the balance of the contents of the bottle out, and found between 25 and 30 pieces of glass of like description, small and sharp, the presence of which, with the strictest examination, he could not have discovered.

He says that he continued at his daily work, and on the next day, May 13th or 14th, at about noon time, he was taken violently ill at his place of business at the White Sewing Machine Company, and was taken to his home and placed under the care of a physician and surgeon; that under treatment he passed through his bowels several pieces of glass; that his lower intestinal tract was lacerated, inflamed and excruciating painful as a result of the passage of said glass through the same and that the nervous shock coming with and as a result of the pain he was suffering at the time, caused him to become prostrated,

unable to sit erect or to lie down and obtain his proper rest at night.

Plaintiff further says that on account of the excruciating pain in his lower abdomen and intestinal tract, the same radiating from the abdomen to the back, he was unable to follow his employment until the middle of June; that he then returned to his work, but within two days, on account of the lowered vitality and weakness following the experience hereinbefore set out and his loss of strength, due to intestinal lacerations, inflammation and pain, he was required to return to his home, where he is still confined under the care of a surgeon. That is, that he was still confined, at the date of the filing of this petition, which was June 29, 1918.

Plaintiff further says that the bottle from which he drank and from which came the broken and splintered pieces of glass, was intact, unbroken and complete in its continuity; that no part of it was checked, cracked or broken; that in the exercise of the strictest diligence he did not and could not have discovered the presence of said glass, and that the injuries he suffered were due wholly and solely to the negligence of the defendant, in that it dispensed and delivered to him its product under warranty of purity and harmlessness, when, as a matter of fact, it was injurious and filled with lurking, undiscoverable matter, the presence of which it knew, or, in the exercise of ordinary care, could and should have known of; that it was careless and negligent in the filling, bottling and capping said bottle, in permitting broken and ground glass to get therein and to be dispensed, distributed and finally drunk by this plaintiff without any warning to him of its presence; also that it hired and employed agents and servants who negligently permitted broken and ground glass to fall into said bottle and to be dispensed and distributed; also that it was careless and negligent in the washing and cleansing of said bottle, prior to its being filled, and permitting ground glass to get in and to remain in said bottle.

He further says that his injuries were caused without any fault on his part, and were due wholly and solely to

the negligence of the defendant, its agents, servants and employees.

He says that prior to this accident he had been a victim of stomach and intestinal troubles and ailments, but that he had recovered therefrom, and that the injury to his stomach and intestinal tract, as hereinbefore complained of, has so injured his stomach and intestinal tract that he is much worse than at any time; that he has been permanently disabled and will never again regain his health, and that he has been damaged in the sum of $50,000, for which he asks judgment.

Now, this is the petition of the plaintiff, that is, it is his claims stated on paper.

To this claim of the plaintiff, as set forth in the petition, the defendant files its answer, which is the statement of the defendant concerning the claim made by the plaintiff, and for its first defense, says that it admits that it is a corporation, as alleged in the petition; that it is engaged in the manufacture, bottling, sale and distribution of beers, and that it operates a bottling department for the bottling of said beers in glass bottles, which are closed with metal caps.

It admits that it vends a beer manufactured by it, known as "Gund's 'Finest' Beer," and that said beer is and has been advertised by this defendant to be pure, healthful and not harmful; and for lack of knowledge of the other matters set forth in the petition, it denies the same.

For its second defense, it admits the allegations set forth in its first defense, and says that if the plaintiff was injured under the circumstances and in the manner set forth in his petition, he was himself guilty of negligence contributing as a proximate cause to his injury, in this: That he failed to exercise ordinary care in removing the metal cap from the bottle from which he afterwards drank, so that the top of the neck of said bottle became shattered and the broken glass fell into the said bottle, and in failing to inspect the neck of the bottle so carelessly opened by him, to ascertain if the neck thereof had been injured by the removal of the cap therefrom, and in drinking directly

from the said bottle the beer contained therein without making such inspection to ascertain if said bottle had been injured by him in the process of opening the same, and in drinking directly from the said bottle without pouring the contents thereof into a glass or other container in the ordinary and usual way so as to afford an opportunity for the inspection of said contents and a discovery of any foreign matter therein; and it asks that it may be dismissed from the suit with its costs, which is another way of asking for a verdict in its favor.

Now, to this answer of the defendant, the plaintiff, under the rules of pleading, has filed what is known as a reply, which is stating his claim as to the matter set up in the answer, and he says that he denies each and every allegation and statement contained in said answer, except such as are admissions or denials of the matters set forth in his petition; and he denies that he was guilty of contributory negligence; denies that he failed to exercise ordinary care in removing the cap from the bottle from which he afterwards drank. He denies that the neck of said bottle became shattered and that broken glass fell into said bottle; denies that he failed to inspect the neck of said bottle, and he denies that he was negligent in drinking directly from said bottle; and he asks that he recover damages as claimed in his petition.

Now, these are the pleadings in the case, or the statements of the parties concerning the matter at issue, and they will be with you in your jury room for your inspection and reading, if you desire, but they are not evidence of what they state; that is, they do not prove themselves. They are the claims of the parties, reduced to writing. Of course, anything that is admitted in any of the pleadings can be taken as proved. As to any admissions, it is not necessary to also prove what is admitted.

Now, the issues in the case are: Did the plaintiff purchase a bottle of this beer, described as "Gund's Finest" from the distributing agent of the said defendant, and did he drink the same, or part of it? Were there particles of glass in said bottle of beer? Did he discover them, and did some of them pass into his stomach and intestines and

bowels, and did he suffer injuries therefrom as claimed by him?

Was the defendant, the Brewing Company, negligent in any of the matters set forth in plaintiff's petition, in allowing said glass to be placed in said beer bottle, and selling it as for public consumption, and as a direct and proximate result of the said negligence of the defendant, did the plaintiff, without fault on his part, suffer the injuries complained of? Or was the defendant *not* guilty of negligence in any manner as claimed by the plaintiff, either in cleaning the bottles out, washing them, refilling them, capping them and putting them upon the market for public consumption?

While the pleadings are somewhat voluminous, yet the issues are not so complicated as might appear at first. The plaintiff claims the defendant put upon the market for public consumption this bottle of beer, that in bottling said beer, it allowed, through the negligence of its agents and servants, it to contain a large number of particles of glass, and that he, in the exercise of ordinary care in opening it and drinking it, without fault on his part, swallowed some pieces of the glass, and that it affected his body as claimed and produced the mental effect upon him as claimed.

The defendant denies this and says that it was not negligent or careless in any manner; it denies that the broken particles of glass were in the beer through any negligence on its part; and it claims that the plaintiff himself caused his injury, if any was sustained by him, by his own carelessness and negligence in opening the bottle and in failing to discover this glass in the bottle, and by drinking it out of the bottle the way he did, and that if he suffered injury, he himself directly contributed to his injury by reason of his own negligence and carelessness. The plaintiff denies the claim of the defendant in this respect.

I have not attempted to state all the conditions and claims of each party in detail, but to give you as brief a summary, after reading the several pleadings, as possible, to enable you to comprehend the issues. The issues are raised by the pleadings, and you are to determine and

render a verdict based upon the issues in the case as set forth in the pleadings.

Now, the burden of proof is upon the plaintiff to prove to you by a preponderance of all the evidence in the case what he claims in his petition; while the burden of proof is upon the defendant to prove to you by the same degree of evidence, the preponderance of all the evidence, its claims, stated in its answer, of contributory negligence; that is, that the plaintiff failed to exercise ordinary care in opening said bottle and drinking from said bottle and in failing to discover the glass in said bottle. Of course, if the plaintiff's own testimony discloses that he was guilty of contributory negligence, the burden is upon him to remove such inference. By the burden of proof we mean the duty to produce the evidence in court for your consideration; that is, it was the duty of the plaintiff to produce the evidence in court to sustain his claims which he makes against the defendant. The burden of proof means the same thing as to the claims of the defendant that the plaintiff was guilty of contributory negligence. The burden is upon the defendant to offer evidence in court to sustain the claim of the defendant as to the alleged contributory negligence of the plaintiff.

By the preponderance of the evidence we mean the greater weight and effect of the evidence upon your minds. This is not necessarily determined from the larger number of witnesses or the length of their testimony, but it means the more testimony in point of effect and weight.

Now, the credibility of the witnesses is solely for the jury's consideration, as, in fact, the determination of every question of fact is for the jury. The court does not pretend to pass upon the weight of the evidence, nor the credibility of the witnesses. The court is to give you the law governing the case and the jury are the triers of the fact. In determining how much credit to give to any witness, you may take into consideration his or her appearance upon the witness stand, their manner or demeanor in testifying, their bias or prejudice, if any, in favor or against either side, their interest in the case, if any, their means and opportunity of knowing what they testify to,

and their apparent truthfulness and honesty, or the lack thereof, if any exists.

Now, the claim of the plaintiff is founded upon the claim of the negligence of the defendant, as stated in the petition in various ways, in putting this beer upon the market and to the extent as the plaintiff claims it was at at the time he opened the bottle.

Now, negligence in a legal sense consists of some act or omission of duty that, in the natural and ordinary course of events, might cause all the injury complained of. It is defined as being ordinary want of care, and may consist in doing something that ought not to be done, or in not doing something which ought to be done.

By ordinary care we mean that degree of care which persons of ordinary care and prudence are accustomed to use and employ under the same or similar circumstances, in order to conduct the enterprise in which they are engaged to a safe and successful termination, having due regard for the rights of others, and the objects to be accomplished. It is such care as prudent persons are accustomed to exercise under the peculiar circumstances of each case. If called into exercise under circumstances of peculiar peril, a greater amount or degree of care is required than in others, yet it is nothing more than ordinary care under the circumstances of the particular case. But it should be that degree of care and prudence that the circumstances reasonably require; that is, it should be commensurate with the hazards ordinarily encountered. The circumstances determine whether the proper amount of care has been exercised or not. The want of proper care is the want of that care which a reasonable man, guided by these considerations which regulate the conduct of human affairs, would have exercised under the circumstances of the particular case, the failure to observe the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand.

Actionable negligence exists only when one negligently injures another to whom he owes the duty of exercising care. It is the failure to discharge a legal duty to the

person injured. If there is no duty, there is no negligence. There are necessarily three elements essential to its existence:

First, the existence of a duty on the part of the defendant to protect the plaintiff from injury of which he complains;

Second, a failure by the defendant to perform that duty; and

Third, an injury to the plaintiff from such failure of the defendant.

When these elements are brought together, they unitedly constitute actionable negligence. The absence of any one of these elements renders the evidence insufficient. In order to maintain an action for an injury to person or property by reason of negligence or want of due care, there must be shown to exist some obligation or duty towards plaintiff, which the defendant has left undischarged or unfulfilled. This is the basis on which the action rests. There can be no fault or negligence or breach of duty where there is no act or service or contract which a party is bound to perform or fulfill.

The term negligence imports a want of such attention to the natural and probable consequences of the act or omission complained of as a prudent man ordinarily bestows under the same or similar circumstances.

The term "ordinary care" is of a flexible nature, and adapts itself to the peculiar or particular circumstances under which it is to be applied. It depends upon the relation existing between the parties in interest, as well as the business in which they may be engaged, and varies with the peculiar phase of every situation.

The ordinary act of negligence has in it no element of moral turpitude. There need be no purpose to commit a wrong as to any one, nor a conscious remissness in legal duty. The rule is that one who seeks to recover of another on the ground of negligence, assumes the burden of maintaining not only the negligence complained of, but that such negligence has occasioned him loss. And this he must establish by the greater weight or preponderance of the evidence.

Now, to start with in this case, there is no presumption existing that either party was negligent, neither the plaintiff nor the defendant, excepting that which arises from the facts proved. The presumption of law is that neither party was guilty of the negligence or wrongful conduct alleged, and such presumption must prevail until it is overcome by the evidence in the case. The wrongful acts complained of by the plaintiff, in order to enable the plaintiff to recover, must have been the proximate cause of the injury.

By proximate cause is meant a cause from which a man of ordinary experience and sagacity could foresee what result would likely follow; that the injury was of such a character as might reasonably have been foreseen or expected as a natural and ordinary result of the acts or omission complained of. The injury to the plaintiff must have been the direct and not the remote result thereof. In this respect you will inquire into the evidence to determine whether the defendant, the Gund Brewing Company, was guilty as charged, and whether the plaintiff himself was guilty of contributory negligence as charged.

In the light of the evidence, how do you find the facts to be, as alleged in the plaintiff's petition? How do you find the facts to be, as charged in the answer? The evidence and our instruction to you should be your sole guide in determining the true answers to these questions. You have no right to indulge in speculation or conjectures not supported by the evidence. The plaintiff can only recover upon the particular acts complained of in the petition, but it is sufficient if you find any such acts or omissions on the part of the defendant that proximately caused the injury complained of, if in other respects your finding answers the conditions of our instructions to you. Injury alone will not support an action; there must always have been the wrongful conduct and negligence on the part of the defendant, as claimed by the plaintiff.

Now, contributory negligence which precludes a recovery for an injury must be such as co-operates in causing it, and without which it would not have happened. Even though the defendant was negligent, as complained of in

the petition, yet he cannot recover compensation for any damages which he might have avoided by the use of ordinary care and prudence under the circumstances; so, if the plaintiff did not take reasonable care under the circumstances, in drinking said beer out of the bottle, and did not take ordinary care to see and detect the glass in said bottle, if you find that it were possible to do so by the exercise of ordinary care, or if he voluntarily exposed himself to hazards, in the way he drank said beer, which he ought not to have encountered under the circumstances known to him, or that reasonably ought to have been known to him, and he thereby proximately caused his own injuries, he cannot recover. All that the law requires of the plaintiff in this respect is that he should have acted with reasonable care and prudence under the circumstances and surroundings known to him, or that reasonably ought to have been known to him. That is, that he should have acted reasonably, considering the means of knowledge he had and the circumstances surrounding him, taking his age, experience, intelligence and judgment as you find them to be from the evidence.

As I have said, the contributory negligence of the plaintiff, if any, must be joined with that of the defendant, if you should so find it, so as to proximately cause the injury to the plaintiff. If you find from all the evidence in the case, that the plaintiff was not in the exercise of ordinary care at the time he incurred his injury, and that this absence of the exercise of ordinary care, together with the negligence of the brewing company, as claimed by the plaintiff, combined to cause the injury to the plaintiff, then he would be guilty of contributory negligence with the meaning of the law, and he could not recover. But if you should find, from all the evidence, that the defendant was negligent, but that said negligence was not linked to said injury as cause to effect, then such negligence was not a proximate cause as hereinbefore defined, and will not sustain this action. If, on the other hand, you find that the plaintiff was guilty of negligence, but that such negligence did not contribute as a proximate

cause to his injury, then the plaintiff will not, for that reason, be barred from a recovery in this action.

I will state to you a proposition of law governing this case, which you will consider along with the balance of my charge in determining the verdict in this case. When a manufacturer, such as the defendant, makes, bottles and sells to the retail trade, to again be sold to the general public, a beverage represented to be pure, healthful and unharmful, he is under a legal duty to see to it that in the process of bottling no foreign substance shall be mixed with the beverage which, if taken into the human stomach, would be injurious.

So I will say to you that it was the duty of the defendant in this case, in its business of manufacturing, bottling and distributing its product, to-wit, its beer, to see to it that no foreign substance, such as broken, splintered or ground glass, was contained in any bottle of its product, and in seeing to this, it was bound to use ordinary care in all the stages preliminary to placing the same upon the market, and if you should find that the defendant was negligent as claimed, and that by reason thereof and as a direct and proximate result thereof, the plaintiff, without fault upon his part, suffered the injuries complained of and as shown by the evidence, the plaintiff will be entitled to recover damages at the hands of the jury; but if you should find that the defendant has not been guilty of the want of ordinary care, considering all the conditions and circumstances connected with the case, or if you further find that the plaintiff himself has been guilty of contributory negligence in his own acts, which directly and proximately tended to produce the injury from which he complains, you should find for the defendant.

If you should find for the plaintiff, he is entitled to recover damages at your hands known as compensatory damages, that is, damages which will fully compensate him for the injuries he has suffered and which he will suffer in the future, if any, as shown by the evidence. He is also entitled to recover in this action, if you should find in his favor, for the mental pain and suffering which he ex-

perienced, caused by the fear of great physical injury or impairment or death while the glass was in his stomach and intestines, or that he may have occasion to suffer until he has been restored to health; you should also allow him as compensatory damages the amount of money he has been compelled to expend for medical services. You should also consider, in fixing the amount of damages, what he has lost by reason of inability to labor and work at his trade, considering the amount of wages he was entitled to earn, and the loss that he may suffer in the future from the same cause; the object of the law being to compensate him for the loss he has sustained by reason of the negligent acts of the defendant.

When you retire you will select one of your number as foreman, who will preside over your deliberations. Three-fourths or more of your number can agree on a verdict in this case. After you have arrived at a verdict, those agreeing to such verdict will sign it and you will all return it into court.

I wish to state to the jury that in determining this case, it is not incumbent upon the plaintiff to prove, nor for the defendant to prove, how this glass got into the bottle, provided the jury finds it was in there when opened up by the plaintiff, except that the plaintiff must prove by a preponderance of the evidence that it got in there by some negligent act on the part of the defendant, and that said glass was in the bottle at the time it was put forth from the brewery for public consumption.

The rule of law in this case does not compel the plaintiff to prove, nor the jury to find, the absolute truth of the claim of the plaintiff. We are only dealing in probabilities. In a charge of crime against a man, the evidence must prove beyond a reasonable doubt, and in some cases involving fraud and others, the degree of proof is by clear and convincing evidence, but in a case of this kind, it is only by a preponderance of the evidence, that is, that the probabilities of truth are stronger on the side of the plaintiff than that of the defendant.

To restate it, the plaintiff is only bound to prove by a preponderance of the evidence that his claims, as set forth

in his petition, are probably true and not that they are absolutely true. The same rule applies to the defendant in his favor on the subject of contributory negligenece. The defendant is not bound to prove absolutely as true that the plaintiff was guilty of contributory negligence, as charged in the answer, but considering all the evidence, the defendant is only bound to prove by a preponderance of the evidence, the probability of its claim that the plaintiff was guilty of contributory negligence.

Neither is it necessary for the plaintiff to prove just what agent or what servant of the defendant, by lack of ordinary care, allowed said glass to be in said bottle when the same was put out for public consumption; if you should find the glass was in said bottle at said time.